UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUIS VINCENTE ROJAS | CIVIL ACTION |
| VERSUS | NO. 18-93 |
| ST. TAMMANY PARISH SHERIFF'S DEPARTMENT, ET AL. | SECTION: "H"(1) |

## REPORT AND RECOMMENDATION

Claiming that he was wrongfully held in the St. Tammany Parish Jail past his release date and incarcerated in unconstitutional conditions in 2011, plaintiff filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. To clarify his claims, the Court held a Spears hearing on July 3, 2018.[1]

Based on plaintiff's complaint and Spears hearing testimony, the Court finds that he is making the following allegations in support of his claims: In January of 2011, plaintiff was arrested and placed in the St. Tammany Parish Jail. Although a court ordered his release approximately three months later, he remained incarcerated until mid-May of 2011.[2] During that period of incarceration, he was made to sleep on the floor and kept in cold conditions without proper clothing. As a result of his exposure to those conditions, he developed back pain. The instant civil action is the first lawsuit plaintiff filed based on these allegations.

Federal law provides that a court shall dismiss a lawsuit that is legally frivolous. Specifically, with respect to actions filed *in forma pauperis*, federal law provides:

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[2] In his complaint, plaintiff alleged that the events in this action occurred in 2010; however, at the Spears hearing, he testified that they actually occurred in 2011.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action … is frivolous …." 28 U.S.C. § 1915(e)(2)(B)(i).  Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).[3]  Regarding such lawsuits, federal law similarly requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous …."  28 U.S.C. § 1915A(b)(1).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

The instant lawsuit is legally frivolous because plaintiff's claims are prescribed.  Plaintiff's claims accrued in 2011, during the challenged period of incarceration.  Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) ("Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." (quotation marks omitted)); see also Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008).  Once his claims accrued, he had only **one year** in which to file suit.  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a §

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  At the time he filed this lawsuit, plaintiff was incarcerated at the Orleans Justice Center.

1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith, 2008 WL 2951279, at *1; La. Civ. Code Ann. art. 3492.  Because plaintiff's lawsuit was not filed until on or after December 28, 2017,[4] far more than one year after his claims accrued in 2011, his claims were prescribed at the time this lawsuit was filed.  Prescribed claims are properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of July, 2018.

                                                                               _____
                                                                               **JANIS VAN MEERVELD**
                                                                               **UNITED STATES MAGISTRATE JUDGE**

---

[4] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court.  Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995).  In the instant case, that date could not have been earlier than the date the complaint was signed, December 28, 2017.  See Rec. Doc. 1, p. 5.